JUDGE JONES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



08 CV 00

------------------------------------------------------------X

ROBERT SMITH, an infant over the age of
fourteen, by his M/N/G DENISE SMITH,
and DENISE SMITH individually,

                                  Plaintiffs,

-against-

CITY OF NEW YORK, JAMES CHIARIELLO (Shield No. 30462),
"JOHN" ALESI, and JOHN and JANE DOE 1 through 10,
individually and in their official capacities, (the names John
and Jane Doe being fictitious, as the true names
are presently unknown),

                                  Defendants.

**COMPLAINT**

Index No.:

Jury Trial Demanded

------------------------------------------------------------X

     Plaintiffs ROBERT SMITH, an infant over the age of fourteen, by his M/N/G DENISE SMITH, and DENISE SMITH, individually, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

     1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States. Plaintiffs also assert supplemental state law claims.

### JURISDICTION

     2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

     3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

1

## VENUE

4.  Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.  Plaintiff ROBERT SMITH is an African American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York. Plaintiff DENISE SMITH is an African American female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.  Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9.  That at all times hereinafter mentioned, the individually named defendants, JAMES CHIARIELLO (Shield No. 30462), "JOHN" ALESI, and JOHN and JANE DOE 1 Through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the States or City New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12.     Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On October 26, 2006, at approximately 11:30 a.m., infant plaintiff ROBERT SMITH was lawfully present in the vicinity of the corner of Lasalle Avenue and Bradford Avenue, located in the county of Bronx, in the City and State of New York.

14.     At the aforesaid time and place, the defendants, members of the New York City Police Department, acting under the color of law, approached plaintiff ROBERT SMITH, and without suspicion or just cause detained, searched, imprisoned, arrested, assaulted and battered the plaintiff, while others failed to intervene in the illegal conduct. Specifically, plaintiff ROBERT SMITH was approached by New York City police officers, who struck him across the face with a NYPD radio. Bleeding profusely from the face, plaintiff fell to the ground where he was handcuffed. Thereafter, New York City police officers struck plaintiff repeatedly in the back of his head and pressed down on plaintiff's neck and jaw with an object, while the officers referred to plaintiff, who is African American, as a "nigger".

15.     Plaintiff was then taken to the NYPD 45th precinct against his will, where the defendants concocted bogus charges and deliberately disregarded plaintiff's serious medical

3

injuries.

16. Plaintiff ROBERT SMITH had visible physical injuries that were inflicted by the police officers. After an extended period of time, EMS finally arrived at the 45th precinct, and thereafter transported plaintiff ROBERT SMITH to Westchester Square Hospital where he received approximately five stitches and a tetanus shot.

17. After being treated and released from Westchester Square Hospital, plaintiff ROBERT SMITH was brought back to the 45th precinct where he was issued a Family Court Desk Appearance ticket, which compelled his appearance in Bronx Family Court to defend the false charges. Upon information and belief, no prosecution was ever commenced and the arrest has been dismissed and sealed.

18. As a result of the above, plaintiff sought medical attention after being released from police custody for the injuries inflicted by the defendants.

19. As a result of the foregoing, plaintiff ROBERT SMITH sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and constitutional rights. Plaintiff DENISE SMITH sustained, *inter alia*, the loss of services of her child, medical expenses, as well as special damages.

**Federal Claims**

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

20. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "19" with the same force and effect as if fully set forth herein.

21. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

22. All of the aforementioned acts deprived plaintiff ROBERT SMITH of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. Section 1983.

23. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

24. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

25. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

26. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff ROBERT SMITH's constitutional rights.

28. As a result of the aforementioned conduct of defendants plaintiff ROBERT SMITH was subjected to excessive force and sustained physical injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

29.  Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30.  Defendants had an affirmative duty to intervene on behalf of plaintiff ROBERT SMITH, whose constitutional rights were being violated in their presence by other officers.

31.  The defendants failed to intervene to prevent the unlawful conduct described herein.

32.  As a result of the foregoing, plaintiff ROBERT SMITH's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause. Further, plaintiff sustained severe and permanent physical injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

33.  Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.  The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

35.  As a result of the foregoing, plaintiff ROBERT SMITH was deprived of his right to substantive due process, causing severe and permanent emotional and physical injuries.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

36.  Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.   The individual supervisory defendants personally caused plaintiff's constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

38.   As a result of the foregoing, plaintiff ROBERT SMITH suffered severe and permanent emotional and physical injuries.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

39.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.   Defendants issued criminal process against plaintiff ROBERT SMITH by maliciously issuing a Family Court Desk Appearance Ticket to plaintiff.

41.   Defendants caused plaintiff ROBERT SMITH to be arrested in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority and thereby violated plaintiff's right to be free from malicious abuse of process.

## AS AND FOR AN SEVENTH CAUSE OF ACTION
### (False Arrest under 42 U.S.C. § 1983)

42.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.   The defendants falsely imprisoned plaintiff ROBERT SMITH against his will and in the absence of probable cause.

44.   As a result of the foregoing, plaintiff ROBERT SMITH was handcuffed, detained, and otherwise deprived of his right to be free from false arrest.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

45. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

47. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, unlawfully stopping, searching, assaulting, battering and seizing innocent individuals of African American descent. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ROBERT SMITH's rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

48. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ROBERT SMITH.

49. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ROBERT SMITH as alleged herein.

50. The foregoing customs, policies, usages, practices, procedures and rules of the

City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ROBERT SMITH as alleged herein.

51. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff ROBERT SMITH was unlawfully stopped, seized, beaten, searched, detained, and incarcerated, all without being charged with or guilty of any crime whatsoever.

52. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ROBERT SMITH'S constitutional rights.

53. All of the foregoing acts by defendants deprived plaintiff ROBERT SMITH of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unlawful stops;

    D. To receive equal protection under law; and

    E. To be free from the use of excessive force and/or the failure to intervene.

54. As a result of the foregoing, plaintiff ROBERT SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### Supplemental State Law Claims

55. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Within ninety (90) days after the claim herein accrued, plaintiffs duly served

upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

57. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

58. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

59. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

60. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A NINTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

61. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. As a result of the foregoing, plaintiff ROBERT SMITH was placed in apprehension of imminent harmful and offensive bodily contact.

63. As a result of defendant's conduct, plaintiff ROBERT SMITH has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR A TENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

64. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Defendants made offensive contact with plaintiff without privilege or consent.

66. As a result of defendant's conduct, plaintiff ROBERT SMITH has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

67. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

69. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

70. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

71. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff ROBERT SMITH.

72. As a result of the aforementioned conduct, plaintiff ROBERT SMITH suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

73. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraph numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the illegal arrest of plaintiff ROBERT SMITH.

75. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

76. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the illegal arrest of plaintiff ROBERT SMITH.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

78. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

79. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

80. Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR AN SIXTEENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

82. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Defendants arrested plaintiff without probable cause.

84. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

85. As a result of the aforementioned conduct, plaintiff was unlawfully imprisoned in violation of the laws of the State of New York.

86. As a result of the aforementioned conduct, plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

87. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Defendants issued criminal process against plaintiff ROBERT SMITH by maliciously issuing a Family Court Appearance Ticket to plaintiff.

89. Defendants caused plaintiff to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority.

90.   As a result of the foregoing, plaintiffs are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs ROBERT SMITH and DENISE SMITH demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C ) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       January 22, 2008

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
    BRETT H. KLEIN (BK4744)

Attorneys for the Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ROBERT SMITH, an infant over the age of
fourteen, by his M/N/G DENISE SMITH,
and DENISE SMITH individually,

                                                 Plaintiffs,

        -against-

CITY OF NEW YORK, JAMES CHIARIELLO (Shield No. 30462),
"JOHN" ALESI, and JOHN and JANE DOE 1 through 10,
individually and in their official capacities, (the names John
and Jane Doe being fictitious, as the true names
are presently unknown),

                                                 Defendants.

-------------------------------------------------------------------X

**COMPLAINT**

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiffs Robert Smith and Denise Smith
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100