

**MEMO ENDORSED**

| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | STEVE STAVRIDIS<br>*Special Federal Litigation Division*<br>(212) 788-8698<br>(212) 788-9776 (fax) |

February 25, 2008

**BY Fax: (212) 805-7930**
Honorable James C. Francis
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

[Stamp: USDC SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: / DATE FILED: 2/26/08]

  Re:  <u>Smith, et ano. v. City of New York, et al.</u>, 08 CV 596 (BSJ) (JCF)

Your Honor:

  I am the Assistant Corporation Counsel representing defendant City of New York in the referenced action.[1] I am writing to request an extension of the City's time to answer or otherwise respond to the complaint from <u>February 25 to April 25, 2008</u>. I have contacted my adversary about this request and he has consented to the extension.

  There are several reasons for seeking the extension. In their complaint, plaintiff alleges, *inter alia*, that he was falsely arrested and prosecuted by New York City Police Officers. It is our understanding that the underlying criminal action and police records have been sealed pursuant to New York Criminal Procedure Law § 160.50. As such, we need additional time to obtain an authorization from the plaintiffs allowing us to secure the sealed records so that we could properly assess the case and answer the complaint. We have forwarded the necessary authorization to plaintiff for execution and are awaiting its return.

  The enlargement will allow this office time to conduct an inquiry to determine whether it could represent the police officer defendant in this action. <u>See</u> General Municipal Law § 50(k); <u>Mercurio v. The City of New York, et al.</u>, 758 F.2d 862, 864-65 (2d Cir. 1985); <u>Williams v. City of New York, et al.</u>, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law). Defendants

---

[1] Upon information and belief, defendant police officer James Chiariello was served with process in this action. This office has not spoke with defendant Chiariello about the manner of service and we make no representation as to the adequacy of process. Although this office does not currently represent this defendant, and assuming he was properly served, this office respectfully requests this extension on his behalf, in order that his defenses are not jeopardized while representational issues are being decided.

must then decide whether they wish to be represented by the Corporation Counsel, see Dunton v. County of Suffolk, 729 F.2d 903 (2d Cir. 1984). Only then can this office interview them for the purposes of responding to the complaint. It has been our experience that this entire process takes approximately two months to complete.

No previous request for an extension has been made by either party. An initial conference has not been scheduled in this case and so the extension will not cause a delay in litigation. Accordingly, it respectfully requested that the Court grant the City's application to extend its time to answer or otherwise respond to the complaint from February 25 to April 25, 2008.

I thank the Court for its consideration to this request.

Respectfully submitted,

*[signature]*

Steve Stavridis (SS4005)
Special Federal Litigation Division

*2/26/08*
*Application granted.*
*SO ORDERED.*
*James C. Francis IV*
*USMJ*

cc:   Brett Klein (By Fax: 718-222-2889)
      Attorney for Plaintiffs

- 2 -