UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ROBERT SMITH, an infant over the age of fourteen, by his M/N/G DENISE SMITH, and DENISE SMITH, individually,

                                          Plaintiffs,

            -against-

CITY OF NEW YORK, JAMES CHIARIELLO (Shield 30462), "JOHN" ALESI, and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                          Defendants

-------------------------------------------------------------------X

**ANSWER**

08CV00596 (BSJ)

**Jury Trial Demanded**

        Defendants "JOHN" ALESI and JAMES CHIARIELLO (collectively defendants), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph 1 of the complaint, except admit that plaintiffs purport to bring this action as stated therein.

        2.      Deny the allegations set forth in paragraph 2 of the complaint, except admit that plaintiffs purport to bring this action as stated therein.

        3.      Deny the allegations set forth in paragraph 3 of the complaint, except admit that plaintiffs purport to base jurisdiction as stated therein.

        4.      Deny the allegations set forth in paragraph 4 of the complaint, except admit that plaintiffs purport to lay venue as stated therein.

5. The allegations set forth in paragraph of the complaint comprise a demand for a jury trial and therefore no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the complaint.

7. Admit the allegations set forth in paragraph 7 of the complaint.

8. Deny the allegations set forth in paragraph 8 of the complaint, except admit that the City maintains the New York City Police Department ("NYPD") pursuant to applicable statutes, ordinances and regulations.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the complaint, except admit that defendants JAMES CHIARIELLO and Scott Alessi (sued herein as "John" Alesi) are employed by the City as a police officers for the NYPD.

10. Deny the allegations set forth in paragraph 10 of the complaint.

11. Deny the allegations set forth in paragraph 11 of the complaint.

12. The allegations set forth in paragraph 12 of the complaint constitute conclusions of law rather than averments of fact and as such no response is required. To the extent that a response is required, defendants deny the allegations.

13. Deny the allegations set forth in paragraph 13 of the complaint.

14. Deny the allegations set forth in paragraph 14 of the complaint.

15. Deny the allegations set forth in paragraph 15 of the complaint.

16. Deny the allegations set forth in paragraph 16 of the complaint, except admit that plaintiff ROBERT SMITH was transported to Westchester Square Hospital.

17. Deny the allegations set forth in paragraph 16 of the complaint, except admit that plaintiff ROBERT SMITH was transported to the 45th precinct where he was issued a Desk Appearance Ticket.

18. Deny the allegations set forth in paragraph 18 of the complaint.

19. Deny the allegations set forth in paragraph 19 of the complaint.

20. In response to the allegations set forth in paragraph 20 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 19 inclusive of their answer, as if fully set forth herein.

21. Deny the allegations set forth in paragraph 21 of the complaint.

22. Deny the allegations set forth in paragraph 22 of the complaint.

23. Deny the allegations set forth in paragraph 23 of the complaint.

24. Deny the allegations set forth in paragraph 24 of the complaint.

25. Deny the allegations set forth in paragraph 25 of the complaint.

26. In response to the allegations set forth in paragraph 26 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 25 inclusive of their answer, as if fully set forth herein.

27. Deny the allegations set forth in paragraph 27 of the complaint.

28. Deny the allegations set forth in paragraph 28 of the complaint.

29. In response to the allegations set forth in paragraph 29 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 28 inclusive of their answer, as if fully set forth herein.

30. Deny the allegations set forth in paragraph 30 of the complaint.

31. Deny the allegations set forth in paragraph 31 of the complaint.

32. Deny the allegations set forth in paragraph 32 of the complaint.

33. In response to the allegations set forth in paragraph 33 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 32 inclusive of their answer, as if fully set forth herein.

34. Deny the allegations set forth in paragraph 34 of the complaint.

35. Deny the allegations set forth in paragraph 35 of the complaint.

36. In response to the allegations set forth in paragraph 36 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 35 inclusive of their answer, as if fully set forth herein.

37. Deny the allegations set forth in paragraph 37 of the complaint.

38. Deny the allegations set forth in paragraph 38 of the complaint.

39. In response to the allegations set forth in paragraph 39 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 38 inclusive of their answer, as if fully set forth herein.

40. Deny the allegations set forth in paragraph 40 of the complaint.

41. Deny the allegations set forth in paragraph 41 of the complaint.

42. In response to the allegations set forth in paragraph 42 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 41 inclusive of their answer, as if fully set forth herein.

43. Deny the allegations set forth in paragraph 43 of the complaint.

44. Deny the allegations set forth in paragraph 44 of the complaint.

45. In response to the allegations set forth in paragraph 45 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 44 inclusive of their answer, as if fully set forth herein.

46. Deny the allegations set forth in paragraph 46 of the complaint.

47. Deny the allegations set forth in paragraph 47 of the complaint.

48. Deny the allegations set forth in paragraph 48 of the complaint.

49. Deny the allegations set forth in paragraph 49 of the complaint.

50. Deny the allegations set forth in paragraph 50 of the complaint.

51. Deny the allegations set forth in paragraph 51 of the complaint.

52. Deny the allegations set forth in paragraph 52 of the complaint.

53. Deny the allegations set forth in paragraph 53 of the complaint.

54. Deny the allegations set forth in paragraph 54 of the complaint.

55. In response to the allegations set forth in paragraph 55 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 54 inclusive of their answer, as if fully set forth herein.

56. Deny the allegations set forth in paragraph 56 of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller of the City of New York from plaintiffs.

57. Deny the allegations set forth in paragraph 57 of the complaint, except admit that the City has not paid any monies to plaintiffs.

58. Deny the allegations set forth in paragraph 58 of the complaint, except admit that this complaint was filed on the date reflected in the records of the Clerk of the Court.

59. Deny the allegations set forth in paragraph 59 of the complaint.

60. Deny the allegations set forth in paragraph 60 of the complaint.

61. In response to the allegations set forth in paragraph 61 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 60 inclusive of their answer, as if fully set forth herein.

62. Deny the allegations set forth in paragraph 62 of the complaint.

63. Deny the allegations set forth in paragraph 63 of the complaint.

64. In response to the allegations set forth in paragraph 64 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 63 inclusive of their answer, as if fully set forth herein.

65. Deny the allegations set forth in paragraph 65 of the complaint.

66. Deny the allegations set forth in paragraph 66 of the complaint.

67. In response to the allegations set forth in paragraph 67 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 66 inclusive of their answer, as if fully set forth herein.

68. Deny the allegations set forth in paragraph 68 of the complaint.

69. Deny the allegations set forth in paragraph 69 of the complaint.

70. Deny the allegations set forth in paragraph 70 of the complaint.

71. Deny the allegations set forth in paragraph 71 of the complaint.

72. Deny the allegations set forth in paragraph 72 of the complaint.

73. In response to the allegations set forth in paragraph 73 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 72 inclusive of their answer, as if fully set forth herein.

74. Deny the allegations set forth in paragraph 74 of the complaint.

75. Deny the allegations set forth in paragraph 75 of the complaint.

76. In response to the allegations set forth in paragraph 76 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 75 inclusive of their answer, as if fully set forth herein.

77. Deny the allegations set forth in paragraph 77 of the complaint.

78. In response to the allegations set forth in paragraph 78 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 77 inclusive of their answer, as if fully set forth herein.

79. Deny the allegations set forth in paragraph 79 of the complaint.

80. In response to the allegations set forth in paragraph 80 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 79 inclusive of their answer, as if fully set forth herein.

81. Deny the allegations set forth in paragraph 81 of the complaint.

82. In response to the allegations set forth in paragraph 82 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 81 inclusive of their answer, as if fully set forth herein.

83. Deny the allegations set forth in paragraph 83 of the complaint.

84. Deny the allegations set forth in paragraph 84 of the complaint.

85. Deny the allegations set forth in paragraph 85 of the complaint.

86. Deny the allegations set forth in paragraph 86 of the complaint.

87. In response to the allegations set forth in paragraph 87 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 86 inclusive of their answer, as if fully set forth herein.

88. Deny the allegations set forth in paragraph 88 of the complaint.

89. Deny the allegations set forth in paragraph 89 of the complaint.

90. Deny the allegations set forth in paragraph 90 of the complaint.

### **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

91. The complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### **AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

92. The City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### **AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

93. To the extent the complaint alleges any claims against the City arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### **AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

94. Punitive damages are not available against the City of New York.

### **AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

95. Any injuries alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct, or from that of others, and was not the proximate result of any act of the defendants.

### **AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

96. There was probable cause to stop and detain plaintiff ROBERT SMITH.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

97. There was probable cause to arrest and prosecute plaintiff ROBERT SMITH.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

98. Plaintiff ROBERT SMITH provoked any use of force by resisting arrest and/or failing to obey lawfully issued orders.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

99. Any force used to arrest plaintiff ROBERT SMITH was reasonable under the circumstances.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

100. There was probable cause to search plaintiff ROBERT SMITH.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

101. This action is barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

102. This action is barred in whole or in part by the applicable limitations period.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

103. Plaintiffs have failed to comply with Section 50 of the Municipal Law.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

104. The individual defendants are entitled to qualified immunity.

**WHEREFORE**, defendants THE CITY OF NEW YORK, JAMES CHIARIELLO and "JOHN" ALESI request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       August 11, 2008

        MICHAEL A. CARDOZO
        Corporation Counsel of the
        City of New York
        Attorney for Defendants THE CITY OF NEW YORK, JAMES CHIARIELLO and "JOHN" ALESI
        100 Church Street, Room 3-159
        New York, New York 10007
        (212) 788-8698

        By: _____/S/_____
            Steve Stavridis

TO:    Brett H. Klein, Esq.
        Attorney for Plaintiffs
        45 Main Street
        Brooklyn, New York 11201
        (718) 722-4100